UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PRIVATE CAPITAL INVESTMENTS, LLC,

                      Plaintiff,

  -vs-                                                                       07-CV-757

JOSEPH V. SCHOLLARD and
JEROME J. SCHENTAG,

                      Defendants.

---

Plaintiff Private Capital Investments, Inc. ("PCI") brought this action against defendants Joseph V. Schollard and Jerome J. Schentag for breach of their obligations as personal guarantors of payment by Emerald Shares, LLC, on a promissory note for a loan from PCI related to the funding of a marina and resort development in Destin, Florida. On July 27, 2011, this court entered a decision and order granting plaintiff's cross-motion for summary judgment on the breach of guaranty claims asserted against each defendant, and directed the Clerk of the Court to enter judgment in plaintiff's favor in the amount of $774,314.82, plus post-judgment interest. Item 39. Defendants now move for reconsideration of this ruling.

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995); *see also Murray v. Coleman*, 737 F. Supp. 2d 121, 127 (W.D.N.Y. 2010). The limited grounds recognized by the courts as sufficient to justify reconsideration are "an

intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.), *cert. denied*, 506 U.S. 820 (1992)*, quoted in New York v. Solvent Chem. Co.*, 235 F. Supp. 2d 238, 239-40 (W.D.N.Y. 2002). Conversely, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. The motion must be narrowly construed, and the standards strictly applied, "to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court, to ensure finality and to prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." *Polar Intern. Brokerage Corp. v. Reeve*, 120 F. Supp. 2d 267, 268-69 (S.D.N.Y. 2000) (internal quotation marks and citations omitted).

Defendants assert the following grounds in support of their motion:

1. The court improperly relied on inadmissible hearsay and opinion testimony contained in the declarations of plaintiff's attorneys Kimberly Wingate and Raymond L. Fink.

2. The court erred in granting summary judgment in plaintiff's favor despite genuine issues of fact as to whether defendants were fraudulently induced into signing the personal guarantees of payment on the promissory note.

3. The court erred in rejecting defendants' Statute of Frauds defense and "failure of consideration" argument.

4.      The court erred in giving effect to the parties' choice of Oregon law as the substantive law governing resolution of the dispute regarding enforceability of the personal guarantees.

Each of these grounds is discussed in turn.

### 1. Attorney Declarations

Defendants contend that, in reaching its determination in this case, the court improperly relied on inadmissible hearsay and opinion testimony contained in the attorney declarations submitted in support of plaintiff's cross-motion for summary judgment. However, the court's review of the matters asserted in these declarations reveals (as it did upon consideration of the parties' summary judgment motions) nothing that could be considered objectionable hearsay or opinion evidence.

To the contrary, the statements made by Ms. Wingate in her declaration (Item 23-4) were clearly based upon her personal knowledge obtained as counsel for PCI in the preparation of the documents involved in the underlying loan transaction giving rise to the personal guarantees of payment executed by defendants. The documents essential to the transaction were submitted to the court as an appendix to plaintiff's Local Rule 56.1 statement. *See* Item 23-6. Any references made by the court to the matters asserted in Ms. Wingate's declaration, either in its recitation of the factual background or in its substantive ruling, were fully supported by citation to this documentary evidence, which established to the court's satisfaction the absence of any genuine issue of material fact for trial regarding the enforceability of the personal guarantees sued upon by plaintiff.

Mr. Fink's declaration (Item 23-5) provides a convenient index of the documentary evidence submitted in support of plaintiff's cross-motion, as well as a summary of the procedural history of the case and the grounds for summary judgment. There is nothing contained in this declaration, or in Ms. Wingate's, that could reasonably be considered as inadmissible hearsay or opinion testimony upon which the court might have impermissibly relied in reaching its determination of the issues presented by the parties' dispositive motions.

Accordingly, defendants have failed to show how the court's consideration of the attorney declarations or the appended documentary evidence present clear error, manifest injustice, or any other justification for reconsideration under the strict standards referenced above.

## 2. Fraudulent Inducement

Defendants also contend that the court failed to take account of genuine issues of material fact regarding their argument that they were fraudulently induced to execute the personal guarantees by non-parties Steven Blumhagen and David Knoll, two of defendants' partners in Emerald Shares. However, the court considered and addressed this argument in its decision, finding "nothing in the pleadings or submissions on file to show or suggest that Mr. Knoll or Mr. Blumhagen was acting on behalf of PCI in such a manner as to render PCI responsible for any fraudulent conduct on their part." Item 39, p. 8 n. 3. In the absence of any citations to controlling authority or overlooked data that might reasonably be expected to alter this conclusion, the court finds no justification for reconsideration.

### 3.     Statute of Frauds/Failure of Consideration

Defendants also seek to reiterate their argument that the guarantees do not satisfy the Statute of Frauds because the transaction described in the written documents contemplated, as consideration for the additional risk of signing the personal guarantees, a direct "extension of credit" to Emerald Shares separate from and in addition to the amount of the loan–but this essential term of the agreement was not in writing, and no such extension of credit ever took place. This argument was considered and rejected by the court in its July 27, 2011 decision (*see* Item 39, pp. 9-13), and defendants have presented no controlling authority or compelling reasons why the argument should be reconsidered now.

### 4.     Choice of Law

Finally, defendants contend that the court erred in giving effect to the choice of law clause in the personal guaranty documents, specifying Oregon law as the substantive law to govern resolution of disputes about enforceability. The court found that, under New York's choice of law rules, it was compelled to apply Oregon law since there were no allegations of fraudulent inducement on the part of anyone associated with PCI; no indication that application of Oregon law would violate public policy; and the transaction had sufficient contacts with the State of Oregon. *See* Item 39, pp. 8-9. The court has reviewed the cases cited by defendants, and finds no reason to reconsider these findings.

**CONCLUSION**

Based on the foregoing, defendants' motion for reconsideration (Item 42) is denied for failure to present any controlling authority, data, or other matters overlooked by the court in its July 27, 2011 decision and order that might reasonably be expected to alter the conclusions reached therein.

So ordered.

                                       \s\ John T. Curtin
                                          JOHN T. CURTIN
                                     United States District Judge

Dated:   11/30/2011
p:\pending\2007\07-757.nov21.2011